Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
P.O. Box 7051
Missoula, MT 59807
406-721-1435
tim@bechtoldlaw.net

    Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| YOLANDA FRASER, Power of Attorney for ESAIAS STOPS PRETTY PLACES,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, BIG HORN COUNTY, and DOES 1-10,<br><br>    Defendants. | **COMPLAINT and JURY DEMAND** |

### INTRODUCTION

1.    This is an action for deprivation of civil rights under color of law, and for assault and battery, negligence, and other wrongful acts. This action arises out of both federal and state law for damages resulting from the unlawful conduct of Defendants.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the claims specified in this Complaint pursuant to 42 U.S.C. §1983 and because the actions alleged in this Complaint took place in Big Horn County.

3. This Court has exclusive jurisdiction over tort claims brought against the United States pursuant to 28 U.S.C. § 1346(b).

4. Plaintiff filed Federal Tort Claim Act claims on August 18, 2021. The government has not acted on the claims, therefore Plaintiff's claims are now ripe for adjudication.

5. Because Plaintiff makes no allegations against the State of Montana, pursuant to MCA §2-9-301, she is not required to file administrative claims against Big Horn County prior to filing this action.

## THE PARTIES

6. Esaias Stops Pretty Places is a citizen of the State of Montana and a resident of Big Horn County, Montana. Esaias Stops Pretty Places is an enrolled member of the Northern Cheyenne Indian Reservation.

7. Plaintiff Yolanda Fraser is a citizen of the State of Montana and a resident of Big Horn County, Montana. Ms. Fraser is an enrolled member of the Northern Cheyenne Indian Reservation. She is the grandmother of Esaias Stops Pretty Places and has durable power of attorney to act on his behalf in this lawsuit.

8.      Defendant Big Horn County is a governmental subdivision of the State of Montana pursuant to MCA §7-1-2101 et seq.

9.      Defendants Does 1-10 are individuals whose true identities and capacities are as yet unknown to Plaintiff and his counsel, despite diligent inquiry and investigation, and who acted herein as described more particularly below in connection with the breaches of duties and/or violations of law alleged herein and who in some manner or form not currently discovered or known to Plaintiff may have contributed to or be responsible for the injuries alleged in this Complaint. The true names and capacities of the Doe Defendants will be substituted as they become known.

**FACTUAL ALLEGATIONS**

10.     On or about August 19, 2019, Esaias Stops Pretty Places, then a minor, was attending the Crow Fair in Crow Agency, Big Horn County, Montana.

11.     He was strolling with a friend, Jarius Hiwalker, when several young men began an altercation.

12.     Law Enforcement officers from Big Horn County and the Bureau of Indian Affairs responded to the scene.

13.     One law enforcement officer told Esaias to "shut up," then asked whether Esaias and Jarius were Crow or Cheyenne.

14. Jarius responded, "Cheyenne," whereupon the law enforcement officer grabbed Esaias by the arm and forced him to the ground and began to punch Esaias.

15. Other law enforcement officers, including Big Horn County Sheriff's deputies, tackled Jarius and punched him in the head numerous times while he was on the ground.

16. Law enforcement officers transported Jarius and Esaias to the Crow Hospital to be treated for the injuries inflicted by the officers.

17. After Jarius and Esaias were released from the hospital, law enforcement officers transported them to the Juvenile Detention Center in Busby, Montana.

18. After three days in the Juvenile Detention Center, Jarius and Esaias were released.

19. Neither Jarius nor Esaias were charged with any crime or cited for any violation.

## COUNT 1

## 42 USC § 1983
## INDIVIDUAL LIABILITY

20. Plaintiff hereby incorporates all prior paragraphs.

21. At all times in which they interacted with Esaias on August 19, 2019, Doe Defendants acted under color of law, statutes, ordinances, rules, regulations, customs, policies, practices, and/or usages of Big Horn County and/or United States Bureau of Indian Affairs.

22. At all times in which they interacted with Esaias on August 19, 2019, Doe Defendants acted within the course and scope of their employment.

23. Doe Defendants, while acting under color of law, deprived Esaias of his civil rights under the Fourth Amendment to be free from detention and arrest not based on reasonable suspicion or probable cause, and to be free from unreasonable searches, unreasonable seizures, false arrest, false imprisonment, and excessive force.

24. Doe Defendants, while acting under color of law, deprived Esaias of his civil rights under the Fourteenth Amendment to due process of law and equal protection.

25. The acts and omissions of Doe Defendants, while carried out under color of law, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power, shock the conscience, are fundamentally unfair, arbitrary and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally undertake in the course of

protecting persons or property, or ensuring civil order. The above acts and omissions were consciously chosen from among various alternatives.

26. Doe Defendants tackled Esaias and assaulted him in violation of rights guaranteed to Esaias under the United States Constitution.

27. This unnecessary and unwarranted use of force was an unlawful and excessive use of force, in violation of Esaias's rights.

28. Each of the foregoing acts and/or omissions in this Count directly and proximately caused or contributed to Esaias's constitutional deprivations, injuries, and damages. Esaias suffered and will continue to suffer great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused damages in a sum to be determined at trial.

## COUNT 2
## 42 USC § 1983
## ENTITY LIABILITY

29. Plaintiff hereby incorporates all prior paragraphs.

30. Defendants Big Horn County and United States Bureau of Indian Affairs established policies, customs, and practices that caused the violation of Esaias's rights under the United States Constitution.

31. The policies, customs, and practices implicitly or explicitly adopted by Defendants Big Horn County and United States Bureau of Indian Affairs amounted to deliberate indifference to and conscious disregard of Esaias's constitutional rights and ratification of violation of those rights.

32. These constitutional violations were acts of official governmental policies.

33. Each of the foregoing acts and/or omissions in this Count directly and proximately caused or contributed to Esaias's constitutional deprivations, injuries, and damages. Esaias suffered and will continue to suffer great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Esaias to sustain damages in a sum to be determined at trial.

## COUNT 3
## MONTANA CONSTITUTIONAL RIGHTS

34. Plaintiff hereby incorporates all previous paragraphs.

35. Pursuant to the Montana Constitution, *see Dorwart v. Caraway*, 58 P.3d 128 (Mont. 2002), Esaias has the fundamental, inalienable, and self-executing rights to individual privacy; to be secure in his person, papers, home, and effects from unreasonable searches and seizures; and not to be deprived of life, liberty, or property without due process of law.

36.     Defendants' acts and omission related to the incident involving Esaias on August 19, 2019, violated Esaias's constitutional rights.

37.     Esaias has the right to seek recourse against those who violate his constitutional rights.

38.     Each of the foregoing acts and/or omissions in this Count directly and proximately caused or contributed to Esaias's constitutional deprivations, injuries, and damages, and Esaias is entitled to compensatory damages and attorneys' fees for Defendants' violations of his state constitutional rights.

## COUNT 4
## NEGLIGENCE

39.     Plaintiff hereby incorporates all previous paragraphs.

40.     At all times pertinent to this Complaint, Defendants were subject to a duty of care under state law in the exercise of the police function to protect Esaias's constitutional, statutory, and common law rights. The conduct of Defendants as set forth in this Complaint does not comply with the standard of care, and included negligent use of excessive force; negligent hiring, training, supervision and discipline of law enforcement officers; negligent enactment, enforcement, and violation of law enforcement policies and procedures; negligent violation of Esaias's constitutional, statutory, and common law rights; and negligent performance of official duties.

41.     As a direct and proximate result of Defendants' negligence, Esaias suffered injuries.

## COUNT 5
## ASSAULT AND BATTERY

42.     Plaintiff hereby incorporates all previous paragraphs.

43.     Doe Defendants intentionally made harmful or offensive contact with Esaias. Doe Defendants' use of force exceeded that necessary to restrain or detain or arrest Esaias.

44.     Doe Defendants' intentional acts constituted assault and battery upon Esaias, and directly and proximately caused injuries to Esaias.

## COMPENSATORY DAMAGES

45.     As a direct result of Defendants' unlawful conduct, Esaias suffered violations of his constitutional rights as set forth above.

46.     As a direct and proximate result of Defendants' unlawful conduct, Esaias suffered physical and emotional pain and injuries.

47.     As a direct and proximate result of Defendants' unlawful conduct, Esaias experienced incarceration and loss of liberty.

## PUNITIVE DAMAGES

48.     Plaintiff has filed this action against Defendants in their individual and official capacities.

49.   Doe Defendants acted knowingly, deliberately, intentionally, and maliciously without regard for Esaias's rights, interests, and well-being.

50.   Doe Defendants exhibited a reckless or callous disregard for Esaias's constitutional, statutory, and common law rights; Defendants intentionally violated federal law; and/or Defendants' conduct was precipitated by evil motive or intent. Accordingly, imposition of punitive damages is proper and warranted under 42 USC §§1983 and 1985.

51.   Doe Defendants' unlawful acts and omission were willful and/or reckless; Defendants deliberately acted with indifference to the high probability of injury to Esaias. Such conduct justifies the imposition of punitive damages under MCA §§ 27-1-220, 221 in the amount sufficient to punish Defendants and to serve as a warning to other persons and legal entities similarly situated that conduct of the kind engaged in by Defendants is unacceptable in our society and will not be tolerated.

## ATTORNEYS' FEES

52.   Pursuant to 42 USC § 1988, the Court may allow an award of attorneys' fees to Plaintiff if she prevails on claims asserted under 42 USC § 1983.

53.   Plaintiff is entitled to recover reasonable attorneys' fees for violations of state constitutional rights under Montana's private attorney general doctrine.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

## RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to grant the following relief:

1. For damages in a reasonable amount to compensate Esaias fully for deprivation of his constitutional rights;

2. For damages in a reasonable amount to compensate Esaias fully for all injuries;

3. For punitive damages in an amount sufficient to punish Defendants and serve as a warning to other similarly situated persons and entities that such conduct will not be tolerated;

4. For declaratory and injunctive relief;

5. For attorneys' fees pursuant to 42 USC § 1988;

6. For reimbursement of costs and expenses of suit; and

7. For such further relief as the Court deems fair and just.

Dated this 9th day of August, 2022.

/s/Timothy M. Bechtold
BECHTOLD LAW FIRM

Attorneys for Plaintiff