| | |
|---|---|
| JOHN M. NEWMAN<br>Assistant U.S. Attorney<br>U.S. Attorney's Office<br>P.O. Box 8329<br>Missoula, MT 59807<br>101 E Front Street, Suite 401<br>Missoula, MT 59802<br>Phone: (406) 829-3336<br>Email: john.newman@usdoj.gov | MARK STEGER SMITH<br>Assistant U.S. Attorney<br>U.S. Attorney's Office<br>2601 Second Ave. North, Suite 3200<br>Billings, MT 59101<br>Phone: (406) 247- 4667<br>FAX: (406) 657- 6058<br>Email: mark.smith3@usdoj.gov |

ATTORNEYS FOR DEFENDANT
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| YOLANDA FRASER, Power of Attorney for ESAIAS STOPS PRETTY PLACES,<br><br>Plaintiff,<br>vs.<br><br>THE UNITED STATES OF AMERICA, BIG HORN COUNTY, and DOES 1-10,<br><br>Defendants. | CV 22-85-BLG-KLD<br><br><br>UNITED STATES' PRELIMINARY PRETRIAL STATEMENT |

Pursuant to the Court's August 11, 2022 Order (Doc. 4) and Local Rule 16.2(b)(1), the United States provides the following preliminary pretrial statement.

**A.     A brief factual outline of the case.**

This case arises from an incident at the Crow Fair, Pow Wow, and Rodeo celebration in Crow Agency, Montana in August 2019.  At approximately 3:00 a.m. on August 19, law enforcement received a report of an individual attempting to stab people behind the announcer's stand at the event.  Officers responded and discovered a shirtless, intoxicated male threatening to stab members of the crowd surrounding him.  When officers approached the male, identified as Esaias Stops Pretty Places, he was uncooperative and exhibited signs of aggression.  Officers attempted to subdue Stops Pretty Places, but he resisted, leading officers to take him to the ground to gain compliance.  Stops Pretty Places continued to be uncooperative and refused to put his arms behind his back, the seriousness of which was exacerbated by reports that he had a knife.  Officers eventually handcuffed Stops Pretty Places, transported him to the Northern Cheyenne/Crow Hospital for medical clearance, then transported him to the Juvenile Detention Center in Busby, Montana.

**B.     The basis for federal jurisdiction and for venue in the division.**

Plaintiff claims the Court has jurisdiction with respect to the United States pursuant to 28 U.S.C. § 1346(b), which provides the federal district courts with exclusive jurisdiction over cases arising under the Federal Tort Claims Act

("FTCA"), 28 U.S.C. § 2671, et seq.  Plaintiff claims divisional venue is proper pursuant to 28 U.S.C. § 1402(b) and Rule 3.2(b)(1) of the District Court Local Rules, because the alleged tort occurred within the Billings Division.

**C.  The factual basis of each claim or defense advanced by the party**.

The factual bases for the United States' defenses are addressed along with the applicable legal theories in the following section.

**D.  The legal theory underlying each claim or defense, including, where necessary to a reasonable understanding of the claim or defense, citations to authority.**

  1.  **Failure to state a claim; due care and diligence.**

Among other elements, a plaintiff must establish both an actionable legal duty and breach of that duty to prevail in a negligence claim under Montana law. *See, e.g., Peterson v. Eichhorn*, 189 P.3d 615, ¶ 23 (Mont. 2008).  Here, to the extent the United States owed Plaintiff a legal duty, the United States is not liable because its agents acted in accordance with the applicable standard of care with respect to their interactions with Esaias Stops Pretty Places on August 19, 2019.

  2.  **Exceptions to the FTCA.**

The United States is not liable—and the Court lacks subject matter jurisdiction—pursuant to the discretionary function and intentional torts exceptions to FTCA, 28 U.S.C. § 2680(a), (h).  In particular, personnel decisions related to

3

hiring, retention, training, and supervision are not subject to statutory or regulatory prescriptions, and such decisions involve the weighing of competing policy considerations. *See Doe v. Holy See*, 557 F.3d 1066, 1084 (9th Cir. 2009); *Nurse v. U.S.*, 226 F.3d 996, 1001 (9th Cir. 2000); *Vickers v. U.S.*, 228 F.3d 944, 950 (9th Cir. 2000); *Gager v. U.S.*, 149 F.3d 918, 921 (9th Cir. 1998).

Furthermore, to the extent involved law enforcement officers are not employed by the government yet are subject to a contract with the BIA related to law enforcement services, the United States is not liable for Plaintiff's assault and battery claims, or any related claims. *See Meridian Intern. Logistics, Inc. v. U.S.*, 939 F.2d 740, 742–43 (9th Cir. 1991); *Kim v. U.S.*, 940 F.3d 484, 492–93 (9th Cir. 2019) (citing *Owyhee Grazing Ass'n, Inc. v. Field*, 637 F.2d 694 (9th Cir. 1981)); *Senger v. U.S.*, 103 F.3d 1437, 1440–42 (9th Cir. 1996); 25 C.F.R. § 12.21(b); *Boney v. Valline*, 597 F. Supp. 2d 1167, 1178–81 (D. Nev. 2009); *Gatling v. U.S.*, 2016 WL 147920, *3 (D. Ariz. Jan. 13, 2016).

### 3. Comparative negligence; failure to mitigate.

The United States' liability may be reduced or altogether negated if and to the extent Plaintiff's own negligence caused his alleged injuries. Mont. Code Ann. § 27–1–702; *Payne v. Knutson*, 99 P.3d 200, ¶ 18 (Mont. 2004). The United States

asserts this affirmative defense to preserve it and will explore Plaintiff's own acts and omissions, if any, in discovery.

4. **Statutory limitations under the FTCA.**

The FTCA expressly limits Plaintiff's potential damages, Plaintiff's counsel's fees, prejudgment interest (assuming, without conceding liability, entry of a judgment), and availability of a jury trial.  28 U.S.C. §§ 2402, 2674, 2675, 2678.

5. **Third-party liability.**

Montana law provides that "any . . . person whose negligence may have contributed as a proximate cause to [an alleged] injury . . . may be joined as an additional party to the action."  Mont. Code Ann. § 27–1–703(4).  "For purposes of determining the percentage of liability attributable to each party whose action contributed to the injury complained of, the trier of fact shall consider the negligence of the claimant, injured person, defendants, and third-party defendants."  *Id*.  Furthermore, the United States can only be liable under the FTCA for the acts or omissions of its employees acting within the course and scope of their employment.  28 U.S.C. §§ 1346(b)(1), 2671.

Here, entities other than the United States may have been involved in the events at issue in this case and may be partially or entirely responsible for

Plaintiff's alleged injuries. The United States asserts this affirmative defense to preserve it and will explore the liability of third parties in discovery.

**E.   A computation of damages.**

The United States is not seeking damages in this case.

**F.   The pendency or disposition of any related state or federal litigation.**

The United States is not aware of any related state or federal litigation.

**G.   Proposed additional stipulations of fact not included in the Statement of Stipulated Facts,** *see* **L.R. 16.2(b)(3), and the parties' understanding as to what law applies.**

The United States does not propose any additional stipulations of fact.

Montana tort law applies with respect to substantive liability, pursuant to 28 U.S.C. §§ 1346(b)(1) and 2674.

**H.   Proposed deadlines relating to joinder of parties or amendment of the pleadings**.

The parties propose February 2, 2023 as the deadline to join parties or amend the pleadings as of right.

**I.   Identification of controlling issues of law suitable for pretrial disposition.**

Applicability of the intentional torts and discretionary function exceptions to FTCA.

**J.   The name and city and state of current residence of each individual known or believed to have information that may be used in proving or**

**denying any party's claims or defenses, and a summary of that information. If known, the address and telephone number of the individual must be provided to all counsel on request.**

1. Esaias Stops Pretty Places

2. Timothy Smells
   BIA Police Officer

   Officer Smells was on scene during the incident and has knowledge of the events.

3. David Running Rabbit
   BIA Telecommunications Equipment Officer

   Running Rabbit was on scene during the incident and has knowledge of the events

4. Darrin Old Crow
   Crow Agency, Montana

   Old Crow initially reported the incident and has knowledge of the events.

5. Jeramie Middlestead
   Big Horn County Deputy
   Hardin, Montana

   Middlestead was on scene during the incident and has knowledge of the events.

6. Orlene Howe
   Big Horn County Deputy
   Hardin, Montana

   Howe was on scene during the incident and has knowledge of the events.

7.  Preston Oosahwee
    Cherokee Marshal Officer

    Oosahwee was on scene during the incident and has knowledge of the events.

8.  Teva Martinson
    ICE Officer

    Martinson was on scene during the incident and has knowledge of the events.

9.  J.H.

    J.H. has knowledge of the events.

10. Geoffrey Eastman
    Crow Tribal Police Officer
    Crow Agency, Montana

    Eastman was on scene during the incident and has knowledge of the events.

11. Rennie Imasa
    BIA Acting Lieutenant

    Imasa was on scene during the incident and has knowledge of the events.

12. Correction Officer Bixby
    Juvenile Detention Center
    Busby, Montana

    Bixby worked at the Detention Center on the day of the incident.

    13.     Correction Officer Shannon Crazy Mule
                Juvenile Detention Center
                Busby, Montana

                Crazy Mule worked at the Detention Center on the day of the incident.

**K.**    **The substance of any insurance agreement that may cover any resulting judgment.**

There is no applicable insurance agreement.

**L.**    **The status of any settlement discussions and the prospects for compromise of the case.**

The parties have not engaged in any settlement discussions. The prospects for settlement of the case are unknown until the parties have engaged in discovery.

**M.**    **Suitability of special procedures.**

The United States asserts this case is not appropriate for special procedures.

**N.**    **Any issues relating to the disclosure or discovery of electronically stored information, including:**

    **1.**    **Issues pertaining to the preservation of such information:**

None identified at this time.

    **2.**    **Issues relating to the form or forms in which such information should be produced:**

None identified at this time. The United States anticipates producing the majority of records in Portable Document Format (PDF), and producing any radiographic records in their native format.

DATED this 1st day of December, 2022.

                                      JESSE A. LASLOVICH
                                      United States Attorney

                                      /s/ John M. Newman
                                      Assistant U.S. Attorney
                                      Attorney for United States

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of December, 2022, a copy of the foregoing document was served on the following person by the following means.

```
 1–3   CM/ECF
_____  Hand Delivery
_____  U.S. Mail
_____  Overnight Delivery Service
_____  Fax
_____  E-Mail
```

1. Clerk of Court

2. Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
P.O. Box 7051
Missoula, Montana 59807
(406) 721-1435 – Phone
tim@bechtoldlaw.net
Attorney for Plaintiff

3. Calvin J. Stacey
Morgan M. Sorena
STACEY & FUNYAK
The Grand Building, Suite 700
100 North 27th Street
P.O. Box 1139
Billings, MT 59103-1139
Phone: (406) 259-4545
Fax: (406) 259-4540
cstacey@staceyfunyak.com
msorena@staceyfunyak.com
Attorneys for Big Horn County

/s/ John M. Newman
Assistant U.S. Attorney
Attorney for United States