IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| YOLANDA FRASER, Power of Attorney for ESAIAS STOPS PRETTY PLACES, | CV 22-85-BLG-SPW-KLD |
| Plaintiff, | ORDER |
| vs. | |
| THE UNITED STATES OF AMERICA, BIG HORN COUNTY, and DOES 1-10, | |
| Defendants. | |

Defendant United States of America has filed an unopposed motion for a protective order. This case involves a law enforcement investigation and/or an internal affairs investigation related to the alleged assault and arrest of Esaias Stops Pretty Places, which may include interviews of witnesses who are not parties to this proceeding. Plaintiff asks the United States to produce certain documents related to the law enforcement investigation and internal affairs investigation. Plaintiff also seeks the employment/personnel files of law enforcement officers, including documents related to hiring, training and employment. These documents contain sensitive information and evidence protected by the Privacy Act, 5 U.S.C. § 552a.

Based on the unopposed motion and with good cause appearing,

1

IT IS HEREBY ORDERED as follows:

1. All documents, information, and evidence produced in this litigation related to any law enforcement investigation, internal affairs investigation, sensitive law enforcement information, or personnel files, shall be used only for the purposes of and within the confines of this case. Such documents, information, and evidence must be clearly marked "CONFIDENTIAL" on every page, file, or item. All such documents and items shall be shown only to the parties to this case, their attorneys and attorneys' employees, any parties' experts or consultants, judges, court personnel, court reporters, mediators agreed upon by the parties, and/or witnesses during or in preparation for deposition or trial testimony. Such documents may be used as exhibits during depositions, motions for summary judgment, and for trial. None of the documents or information described above shall be released, shown to, or otherwise disclosed to any other person, firm, or entity, except as described above, unless ordered by the Court.

2. At the conclusion of this lawsuit, all of the documents and items described above shall be returned to counsel for Defendant United States or destroyed by Plaintiff's counsel.

3. Notwithstanding anything to the contrary contained herein, in no event shall this Protective Order be construed as a waiver by any of the parties of the right to assert any privilege against disclosure, or any other basis justifying the

non-disclosure of documents, including but not limited to the attorney-client and work product privileges. The parties retain the right to interpose objections to specific discovery requests or responses and to submit motions seeking to quash production of documents or to compel production.

DATED this 25th day of January, 2023.

Kathleen L. DeSoto
United States Magistrate Judge